OPINION *Page 2 
{¶ 1} Defendant-appellant Uthman Batin appeals the August 23, 2006 Judgment Entry of the Stark County Court of Common Pleas sentencing him to an eight year prison term on one count of felony trafficking and an eight year prison term on one count of possession, to be served concurrently. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On February 27, 2004, appellant was indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(E), with a school zone specification enhancing the penalty of the offense to a felony of the first degree, and one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(D).
 {¶ 3} Following a jury trial, appellant was found guilty on both counts. The trial court sentenced appellant to a ten-year prison term on the trafficking count and an eight-year term on the possession count. The trial court ordered the sentences be served concurrently.
 {¶ 4} On appeal, this Court remanded appellant's sentence to the trial court for resentencing after vacating the school zone specification.
 {¶ 5} On February 11, 2005, the trial court dismissed the school zone specification, and resentenced appellant to an eight-year prison term on the second degree felony trafficking charge and an eight year prison term on the second degree felony possession charge, to be served concurrently.
 {¶ 6} On July 12, 2006, the Ohio Supreme Court in In re Ohio CriminalSentencing Statutes Cases 109 Ohio St.3d 518, remanded appellant's February 11, 2005 sentence pursuant to State v. Foster (2006),109 Ohio St.3d 1. *Page 3 
 {¶ 7} On August 23, 2006, the trial court again resentenced appellant to a prison term of eight years for trafficking in cocaine and eight years for possession of cocaine. The trial court again ordered the sentences be served concurrently.
 {¶ 8} Appellant now appeals, assigning as error:
 {¶ 9} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A MAXIMUM PRISON TERM UPON APPELLANT."
 {¶ 10} In his sole assignment of error, appellant asserts the trial court abused its discretion by imposing the maximum prison term on resentencing.
 {¶ 11} In Foster, supra, the Ohio Supreme Court held, under the United States Supreme Court's decisions in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences. Id., at paragraph one of the syllabus. As a remedy, the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences. Id., at ¶ 100.
 {¶ 12} An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 13} In State v. Mathis 109 Ohio st.3d 1, 2006-Ohio-856, the Supreme Court held: *Page 4 
 {¶ 14} "As we have held in Foster, however, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Now that such findings are no longer mandated, on resentencing, the trial court will have discretion to sentence within the applicable range, following R.C. 2929.19 procedures. R.C. 2929.19 provides that "[t]he court shall hold a sentencing hearing before imposing a sentence * * * and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded." (Emphasis added.) The court "shall consider the record," any information presented at the hearing, any presentence investigation report, and any victim-impact statement. It thus appears that any case that is remanded for "resentencing" anticipates a sentencing hearing de novo, yet the parties may stipulate to the existing record and waive the taking of additional evidence.
 {¶ 15} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 16} Section 2929.12 provides: *Page 5 
 {¶ 17} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 {¶ 18} "* * *
 {¶ 19} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 20} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141
of the Revised Code.
 {¶ 21} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions. *Page 6 
 {¶ 22} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 23} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 24} "(5) The offender shows no genuine remorse for the offense.
 {¶ 25} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 26} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 27} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 28} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 29} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 30} "(5) The offender shows genuine remorse for the offense."
 {¶ 31} In the case sub judice, the following exchange occurred at the resentencing hearing: *Page 7 
 {¶ 32} "Mr. Bickis: Your Honor, thank you. Mr. Batin was previously sentenced to a term of eight years and the State would I guess argue that that is an appropriate sentence and ask the Court to, to reimpose that sentence at this time.
 {¶ 33} "This is not the first time Mr. Batin has been incarcerated, it's not even the first time for this type of conduct.
 {¶ 34} "In 1996 he was convicted of aggravated trafficking in drugs and was sentenced to a term of 5 to 25 years Lorain Correctional for that.
 {¶ 35} "In 2000 it looks like he was again convicted of possession of cocaine. It looks like he served 12 months at that time.
 {¶ 36} "So this, I mean, is his third offense.
 {¶ 37} "The Court: Well, actually according to the State's representation previously there are even more convictions. You had a 1989 conviction; is that correct, Mr. Batin?
 {¶ 38} "The Defendant: Yes, that was back in old Mansfield, yes.
 {¶ 39} "The Court: Right, trafficking in cocaine?
 {¶ 40} "The Defendant: No, that wasn't trafficking; that was unarmed robbery.
 {¶ 41} "The Court: Unarmed robbery?
 {¶ 42} "The Defendant: Yes. That was back in uh — no. That was back in 7 — 74.
 {¶ 43} "Mr. Bickis: I, I do have I see here, Your Honor, the `89 conviction; it's
 {¶ 44} "The Defendant: That was in `89; okay, I'm sorry about that.
 {¶ 45} "The Court: That's all right. *Page 8 
 {¶ 46} "Mr. Bickis: He did one year it appears on that case.
 {¶ 47} "It looks like there actually is also an `88 case for trafficking as well. It looks like that was a — it was Case 88-CR-8567.
 {¶ 48} "It also looks like he did it was aggravated trafficking F4 or trafficking F4 and an aggravated trafficking F1. Looks like he was sentenced to 1 year on the trafficking and looks like 7 to 25 on the aggravated trafficking. I believe that's —
 {¶ 49} "The Court: I think also a 1996 charge as well.
 {¶ 50} "The Defendant: Yes.
 {¶ 51} "Mr. Bickis: Well, that's, that's — I believe I already stated that one; that's why I didn't — I guess just for purposes of the record there is I guess the 1988 conviction, the 1989 conviction, the `96 conviction and the, the 2000 conviction all for trafficking or possession of cocaine.
 {¶ 52} "The Court: And it's my understanding that you were on parole at the time you committed this offense —
 {¶ 53} "The Defendant: Yes.
 {¶ 54} "The Court: — that we're here for today; is that correct?
 {¶ 55} "The Defendant: Yes.
 {¶ 56} "The Court: Here — here's the perplexing thing, Mr. Batin. If you've truly had an epiphany and you realize that you're not acting as a good role model for your son, I think that's a very good thing. My question is is why after all these years? I mean, you have been in and out of prison for years on trafficking charges. Why, why wasn't the first time or the even the second time or even the third time enough for you to say I got to stop this, I'm getting too old for this, this is not the way I want to live my life, *Page 9 
uh, you now have a son? Why is it that it's now 2006 and suddenly something in your life has changed?
 {¶ 57} "* * *
 {¶ 58} "The Court: Well, that's good; I — and then — and I truly hope and believe that you know that now. And the question is is where do you go from here. I think you're making improvements, you appear to be sincere about attending these classes, but you still have a ways to go to, to come out from under. I mean, you've been involved in this drug trafficking for decades.
 {¶ 59} "* * *
 {¶ 60} "The Court: Okay. Notwithstanding what we've discussed here today and I — and con___frankly in consideration of some of the things that we've discussed today the Court has considered the entire record, the oral statements, the principles and purposes of sentencing and the seriousness and recidivism factors, that is, the Court has considered the applicable sentencing guidelines, and the Court finds that the sentence imposed was an appropriate sentence and the Court is going to reimpose the eight year prison term as to each count, the terms to run concurrently with each other."
 {¶ 61} Tr. at 9-16.
 {¶ 62} Based upon the foregoing, we find the trial court did not abuse its discretion in sentencing appellant to the maximum prison term on both counts. The court's sentence was within the statutory guidelines, and clearly considered appellant's prior criminal history and his likelihood to reoffend.
 {¶ 63} The August 23, 2006 Judgment Entry of the Stark County Court of Common Pleas is affirmed. *Page 10 
 Hoffman, J. Gwin, P.J. and Edwards, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the August 23, 2006 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1